[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : November 27, 1996 Date of Application : November 27, 1996 Date Application Filed : November 29, 1996 Date of Decision : October 28, 1997
Application for review of sentence imposed by the Superior Court, G. A. 16 at West Hartford.
Kristin Coffin, Esq., Defense Counsel, for Petitioner.
Paul Rotiroti, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner, then 29 years of age, pleaded guilty to a charge of burglary, 3rd degree and admitted to being in violation of probation. The State recommended a sentence of five years to serve on the burglary and recommended that the probation be terminated. The petitioner, having reserved the right to argue for less, requested a suspended sentence with condition of drug treatment.
The Court imposed a sentence of four years on the burglary charge and terminated the probation for an effective sentence of four years.
In this case the petitioner broke into a travel agency causing damage to a door. He took a stereo system and assorted personal items and ran from the business. He was chased by the owner and quickly caught hiding in a closet in an apartment.
His explanation for the crime was that he was angry at the owner because of a disagreement between them.
At the time, he was on probation having been sentenced in 1992 to a term of eight years, suspended after four years, with probation for two years. It was this probationary sentence which was terminated.
Petitioner's attorney asks the Division to reduce his period of incarceration to two years with probationary period to follow, with provisions for drug treatment.
The State's Attorney points out that the petitioner had four prior felony convictions and that probation was not a viable alternative since he was a violator.
The sentencing court noted that in 1992, the petitioner left a drug treatment facility after only our days with a poor prognosis and opined that, given the petitioner s character and criminal history, suspended sentence was not appropriate. The court also noted the petitioner was getting no additional time for violating his probation. CT Page 11519
Reviewing this sentence pursuant to the guidelines of § 942 of the Practice Book, the Division finds it is far from unreasonable or inappropriate.
It is affirmed.
Klaczak, Miano and O'Keefe, J.s, participated in this decision.